J-A11030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| LARRY N. SCHWAB | : | No. 1896 MDA 2016 |

Appeal from the Suppression Order October 19, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002166-2016

BEFORE: SHOGAN, MOULTON, JJ., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 24, 2017**

The United States Supreme Court has highlighted the significant government interest in preserving highway safety. **See Birchfield**, **supra**. In this case, that preservation of highway safety requires a reversal of the suppression court.

In **Commonwealth v. Ennels**, ___ A.3d ____, 2017 WL 2954227 (Pa.Super. July 11, 2017), the Majority's decision upheld the trial court's finding that Ennels' consent to a blood test had been invalid. However, in my Dissent therein I expressed my belief that under the totality of the circumstances, Ennels had provided valid consent to the warrantless blood test, which was not tainted by an inaccurate warning of the consequences of

_____

[*] Former Justice specially assigned to the Superior Court.

refusal. As the facts of the instant matter present even stronger support for such a conclusion, I respectfully dissent herein for the same reason.

While the Majority here views **Ennels** as dispositive, I find it to be distinguishable from the instant matter. The **Ennels** Court found it significant that Ennels had been charged with both DUI (controlled substances) and DUI (general impairment) and that "the DL-26 form warned him that, for at least one of the charges, he faced enhanced criminal penalties if he refused to submit to the blood test." **Ennels**, **supra** at 7.[1] However, Schwab (hereinafter referred to as "Appellee") was charged only with DUI (controlled substances), 75 Pa.C.S.A. § 3802(d)(2), after he admitted to ingesting a half-bag of heroin in a parking lot. **See** Affidavit of Probable Cause, filed 2/26/16.

Prior to his submission to the blood test, Appellee signed the DL-26 Form in the presence of Officer McCreary after the latter read the Form to Appellee apprising him of the penalties associated with a chemical test refusal. Specifically, the Form revealed that the penalties one may face for refusing to submit to a blood test are identical to those he or she faces if convicted of Section 3804 (c) of the Vehicle Code.[2] Under Section 3804 (c),

---

[1] In *dicta*, the Court further stated that it would conclude that the trial court had not erred in finding Evans' consent was involuntary even if the DUI charges had related only to controlled substances. **Id**.

[2] This statute reads as follows:

*(Footnote Continued Next Page)*

- 2 -

one receives no further penalty when he or she is convicted of a drug-related DUI offense regardless of whether that individual previously had consented to a blood test. *See* 75 Pa.C.S.A. § 3802(d).

Indeed, as the Majority acknowledges, "the Vehicle Code provides that an individual convicted of DUI (general impairment) who refused to submit to a blood test shall be subject to the same minimum sentence and minimum and maximum fines as someone convicted of DUI (highest rate)

*(Footnote Continued)* ───────────

> **(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
> (1) For a first offense, to:
> (i)   undergo imprisonment of not less than 72 consecutive hours;
> (ii)   pay a fine of not less than $1,000 nor more than $5,000;
> (iii)   attend an alcohol highway safety school approved by the department; and
> (iv)   comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.
> (2) For a second offense, to:
> (i)   undergo imprisonment of not less than 90 days;
> (ii)   pay a fine of not less than $1,500;
> (iii)   attend an alcohol highway safety school approved by the department; and
> (iv)   comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.
> (3) For a third or subsequent offense, to:
> (i)   undergo imprisonment of not less than one year;
> (ii)   pay a fine of not less than $2,500; and
> (iii)   comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804 (c).

and DUI (controlled substance). 75 Pa.C.S. 3804(c)." ***Commonwealth v. Schwab***, No. 1896 MDA 2016, unpublished memorandum at 5 n. 3.

Because Appellee was charged only with a drug-related DUI offense and the penalties for alcohol-related blood test refusals and drug-related DUI prosecutions are identical, Appellee's consent was voluntary and had not been obtained following an impermissible threat that he would be subjected to increased penalties if he did not consent to a blood test and was later convicted.

In ***Birchfield***, the United States Supreme Court recognized that state implied consent statutes requiring blood tests are reasonable when the subject consents and that such consent need not be expressly given but fairly may be inferred from the context in which it was given. The Court went on to state that its decision should not be read to cast doubt on prior opinions that "have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply." ***Birchfield***, ___ U.S. at _____, 136 S.Ct. at 2185-86, 195 L.Ed2d. at _____ (citations omitted).

In addition, as I previously opined, "[i]n ***Birchfield***, ***supra***, the United States Supreme Court highlighted the significant government interest in preserving highway safety. ***Id***. at _____, 136 S.Ct. at 2164, 195 L.Ed.2d at _____. As such, a finding that Appellee's consent herein was voluntary, where he would not have been subject to harsher criminal penalties were he

to have refused to sign the DL-26 Form and later convicted of a drug-related DUI, is in line with the reasoning and promotes the spirit of **Birchfield**." **Ennels**, **supra** at 9 (Stevens, P.J.E., dissenting).

This is especially so herein where Appellee was never suspected of driving under the influence of alcohol, was charged only with DUI (controlled substances) and admitted to ingesting heroin at the scene of the accident.

The suppression court erred when it suppressed the blood tests results upon finding that under the totality of the circumstances Appellee's consent was involuntarily obtained due to a threat of increased criminal penalties were he to refuse to provide the same, and I would reverse and remand for trial.